UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **2:22-CR-19** |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL BENTLEY, III, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Suppress [Doc. 106], in which he seeks to suppress the testimony of unnamed witnesses who he believes will be called to testify by the United States at trial because those witnesses did not record their interactions with him. In support, Defendant claims that all agencies involved with his case have body-worn camera policies and further refers to a "BODY-WORN CAMERA POLICY of the U.S. Department of Justice", which he says was announced by Attorney Lisa Monaco on June 7, 2021. [Doc. 106, p. 1]. Defendant claims that given these alleged policies, anyone who failed to record their interaction with him was acting in bad faith. Due to this bad faith, Defendant claims the testimony of these unnamed witnesses should be suppressed, arguing that if they had recorded their interactions with him, those recordings would have supported his defense.

While Defendant alleges that the agencies involved have recording policies, he does not provide any of these policies for the Court's consideration. Further, he does not name the officers whose testimony he seeks to bar nor the agencies for whom they worked on the date of his arrest.

Defendant also cites no legal authority in support of the proposition that the testimony of an officer should be barred where he or she failed to record interactions with a defendant. Finally, while the Court found that a hearing on this motion was unnecessary to its resolution, the Court held a hearing on October 5, 2023, to address a separate suppression motion [Doc. 93] filed by Defendant. During that hearing, Defendant asked the officers who testified whether they were wearing body-cameras at the time of his arrest and/or if their police vehicles were equipped with recording devices at that time. Each officer asked about having a body-camera and/or in-car recording device, testified that he or she did not have one at the time of Defendant's arrest.[1]

It is well-settled that arguments raised but not developed are waived. *Thomas v. United States*, 849 F.3d 669, 679 (6th Cir. 2017) (citing *United States v. Fowler*, 819 F.3d 298, 309 (6th Cir. 2016)). Here, Defendant has done nothing more in his motion than make bald assertions without providing any factual or legal development to support his requested relief. While that failure alone would be grounds to deny Defendant's motion based upon waiver, the testimony provided on October 5, 2023, provides substantive grounds to deny the motion as well. As such, the undersigned **RECOMMENDS** that the Motion to Suppress [Doc. 106] be **DENIED**.[2]

> Respectfully submitted,
>
> /s/Cynthia Richardson Wyrick
> United States Magistrate Judge

---

[1] The statement Defendant gave once he had been transported to a detention facility was audio recorded.

[2] Any objections to this report and recommendation must be served and filed within **fourteen (14) days** after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).