UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA            )
                                    )
v.                                  )          No. 2:22-CR-00019-1-JRG-CRW
                                    )
MICHAEL BENTLEY, III                )

## ORDER

This matter is before the Court on United States Magistrate Judge Cynthia R. Wyrick's Report and Recommendation [Doc. 128], in which Judge Wyrick recommends the Court deny Defendant Michael Bentley's Motion to Suppress [Doc. 106]. After reviewing Defendant's Objections, the record, and applicable law, the Objections [Doc. 131] are **OVERRULED**. The Report and Recommendation [Doc. 128] is **ADOPTED IN FULL** and Defendant's Motion to Suppress [Doc. 106] is **DENIED**.

## I.    BACKGROUND

Defendant is charged with conspiracy to distribute 50 grams or more of methamphetamine and related offenses. [Doc. 104]. On September 12, 2023, he filed a motion to suppress the testimony of the officers involved in his arrest. [Doc. 106]. As grounds for the motion, Defendant claims that the officers, acting in bad faith, deprived him of favorable evidence by failing to record their interactions with him. [*Id.*]. In her Report and Recommendation, Judge Wyrick found that Defendant's motion lacked a legal or factual basis and recommended that the motion be denied. [Doc. 128]. Defendant filed timely objections to the Report and Recommendation [Doc. 131] and the United States responded [Doc. 132].

## II.   DISCUSSION

Pursuant to Federal Rule of Criminal Procedure 59, "[a] district judge may refer to a magistrate judge for recommendation a defendant's . . . motion to suppress evidence." Fed. R. Crim. P. 59(b)(1). Within fourteen days after being served with a copy of the report and recommendation on a motion to suppress, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2).

This Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made and may accept, reject or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). "The district court is not required to review – under a de novo or any other standard – 'any issue that is not the subject of an objection.'" *Dickson v. Green Dot Pub. Sch.*, No. 22-cv-2070, 2022 U.S. Dist. LEXIS 157139, at *5 (W.D. Tenn. Aug. 31, 2022) (quoting *Thomas v. Arn*, 474 U.S. 140, 150, (1985). After reviewing the evidence, this Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

Defendant cites three reasons that he objects to the report and recommendation. [Doc. 131]. However, none of his objections have merit.

First, Defendant claims that an ACLU article entitled "No Tape, No Testimony: How Courts Can Ensure the Responsible Use of Body Cameras" provides a legal basis for his motion [Doc. 131, at 1–2]. While this article does discuss the importance of police using body cameras, it is not legal authority. And the article concerns jury instructions, not the suppression of testimony. Specifically, the author urges courts to instruct jurors that they may disregard the testimony of an officer who they find unreasonably or in bad faith failed to record an arrest. [*Id.* at 2]. Thus, the article does not provide legal support for Defendant's suppression motion.

Second, Defendant provides a copy of the Drug Enforcement Administration ("DEA") body camera policy manual as evidence that the officers were required to record his arrest. [*Id.* at 10–43]. According to Defendant, the officers' violation of body camera policy shows their bad faith. However, "[a] violation by the government of its internal operating procedures, on its own, does not create a basis for suppressing [statements]." *United States v. Luck*, 852 F.3d 615, 623–24 (6th Cir. 2017) (citation omitted) (finding no due process violation where the government failed to record the defendant's statements, in violation of Department of Justice policy encouraging the recording of some interrogations). Hence, even if the officers violated agency policy by failing to use body cameras, that fact alone is not a basis for suppressing their testimony.

Third, Defendant claims that the magistrate judge should not have credited the officers' testimony that they lacked body cameras or in-car recording devices. [Doc. 131, at 4–5]. As proof that the officers had recording equipment, Defendant cites the DEA body camera policy and his personal knowledge that Sullivan County, Tennessee cruisers were equipped with recording devices as far back as twenty-five years ago. [*Id.*]. However, Defendant provides no evidence that the officers in this case had body cameras or in-car recording devices. And Judge Wyrick, who had the opportunity to observe the officers testify, credited their assertion that they lacked recording devices at the time of Defendant's arrest. The Court accepts her assessment. *See United States v. Robinson,* No. 1:07-CR-1, 2007 U.S. Dist. LEXIS 53290 (E.D. Tenn. July 23, 2007)) ("Credibility determinations of the magistrate judge who personally listened to the testimony of a witness should be accepted by a district judge unless in his *de novo* review of the record he finds a reason to question the magistrate judge's assessment.").

Having reviewed the record, the Court agrees with Judge Wyrick that Defendant's motion lacks a legal basis. *See Jones v. Louisville/Jefferson Cnty. Metro Gov't*, 482 F. Supp. 3d 584, 597

(W.D. Ky. 2020) (citation omitted) ("There is no constitutional right to be free from an arrest that is not recorded by a camera."). The Court also finds no factual basis for Defendant's claim that the officers acted in bad faith.

## III.    CONCLUSION

Therefore, Defendant's Objections [Doc. 131] are **OVERRULED**.    The Report and Recommendation [Doc. 128] is **ADOPTED IN FULL** and Defendant's Motion to Suppress [Doc. 106] is **DENIED**.

So ordered.

ENTER.

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

4